GORDON MOPPINS, Respondent-Appellant, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 43085.)

Fourth Department, April 2, 1970.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Schutrum, Howder, Palmer & Martin (Robert P. Martin* of counsel), for respondent-appellant.

MOULE, J. Claimant, who was 16 years old at the time, was indicted on February 23, 1944 and charged with burglary in the third degree. Attached to the indictment was a printed form containing three parts. The first part was for a recommendation by the Grand Jury that a defendant be examined and investigated for youthful offender treatment. The second was for a Judge to approve or disapprove examination and investigation for that purpose, and the third was for a Judge to approve or disapprove adjudication or trial as a youthful offender.

The recommendation by the Grand Jury was signed by its foreman on February 23, 1944. On February 25, 1944 a Supreme Court Justice signed the part relating to examination and investigation but did not mark whether it was " approved " or " disapproved ". The part relating to adjudication or trial as a youthful offender was not signed. These papers were sealed and filed in the County Clerk's office.

The commitment, which was not sealed, states that the claimant pleaded guilty on March 17, 1944 to the crime of burglary, third degree and that he was committed for such crime to the New York State Vocational Institution to be dealt with according to law. It had printed on it in two places the following words: " Penal Law Section 2184-A 16 to under 19 yrs. Chapter 528 — 1932." That section of the Penal Law was applicable to defendants who were not accorded youthful offender treatment. The provisions then in effect applicable to youthful offenders were contained in sections 252-a to 252-h of the Code of Criminal

Procedure, as added by chapter 549 of the Laws of 1943, and repealed by section 1 of chapter 632 of the Laws of 1944. The maximum sentence for a youthful offender was 3 years (Code Crim. Pro., § 252-f) whereas the maximum for burglary in the third degree was 10 years (Penal Law, § 407, subd. 3).

The claimant was imprisoned 9 years, 5 months and 28 days under the commitment. Sometime in 1958 the claimant had his file unsealed. He then brought an article 78 proceeding against the Parole Board in which he claimed that his sentence was illegal because the part of the form for adjudication as a youthful offender was not signed and because the commitment failed to state a definite term in years. Special Term found that the claimant had not been given youthful offender treatment and had been legally sentenced to a maximum term of 10 years for the crime of burglary in the third degree.

In 1963 the claimant commenced habeas corpus proceedings. An Assistant District Attorney testified that from his interpretation of the file he believed the claimant had been treated as a youthful offender. The court did not make a finding as to whether the claimant had been treated as a youthful offender but remanded him for further proceedings. On September 13, 1963 he was resentenced as a youthful offender. Claimant then commenced an action in the Court of Claims for damages for false imprisonment. The court found that claimant had been given youthful offender treatment in 1944 and was falsely imprisoned for 6 years, 5 months, and 28 days and awarded damages.

The record does not support the finding that claimant was accorded youthful offender treatment in 1944. Section 252-c of the Code of Criminal Procedure read in part. '' After such examination and investigation, the court, in its discretion, may direct that the defendant be tried in order to determine whether the defendant is a youthful offender.'' No such direction was made. On the contrary the commitment shows that he pleaded guilty to burglary, third degree, and was sentenced under section 2184-a of the Penal Law.

In any event, since the commitment order was valid and complete on its face the State is not liable for false imprisonment. (*Nastasi* v. *State of New York,* 275 App. Div. 524, affd. 300 N. Y. 473, and *Ford* v. *State of New York,* 21 A D 2d 437.)

The claim should be dismissed.

Del Vecchio, J. P., Gabrielli, Bastow and Henry, JJ., concur.

Judgment unanimously reversed on the law and facts without costs and claim dismissed.